UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-80239-CV-MIDDLEBROOKS

THOMAS WITTBOLD,

    Plaintiff,

v.

CHARLES CRIMI and ALLEN F. BENNETT,

    Defendants.

_____/

## ORDER DISMISSING COMPLAINT

THIS CAUSE is before the Court *sua sponte*. Plaintiff filed a Complaint on February 15, 2022. (DE 1). The Complaint does not comport with the minimum pleading standards under the Federal Rules of Civil Procedure. For the reasons set forth below, the Complaint is dismissed.

At the outset, I note that Plaintiff's recitation of the facts are at times rambling and disorganized rendering it difficult to follow the alleged chronology of events. Plaintiff's primary contention seems to be that Defendants obtained a patent for a design Plaintiff alleges to have invented. (*Id.* ¶ 2). Plaintiff seeks declaratory relief and damages. (*Id.* ¶ 7).

The Complaint is first deficient in that it fails to comport with the requirements of the Federal Rules of Civil Procedure. Rule 8(a) requires a "short and plain statement of the claim." Under Rule 8(d)(1), "[e]ach allegation must be simple, concise, and direct." Further, Rule 10(b) requires that each claim be stated "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Plaintiff's Complaint does not meet these minimum pleading standards. Not all paragraphs are numbered. (*See* DE 1 at 1–2). The paragraphs that are numbered, however, are excessively long. Most paragraphs span a page or more. Plaintiff must ensure that an

Amended Complaint contains numbered paragraphs that are not excessive in length and limited to "simple, concise, and direct" allegations.

Moreover, Plaintiff's Complaint is an impermissible shotgun pleading. Shotgun pleadings waste judicial resources and are an unacceptable form of establishing a claim for relief. *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1296 (11th Cir. 2002). The Eleventh Circuit has generally identified four categories of shotgun pleadings. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015) (citations omitted). "The most common" shotgun pleading is one "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1321. "The next most common type . . . is a complaint that [is] . . . replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1321–22. "The third type of shotgun pleading is one that . . . [does] not separat[e] into a different count each cause of action or claim for relief." *Id.* at 1322–1323. Lastly, "there is the relatively rare [shotgun pleading] asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against." *Id.* at 1323.

Plaintiff's Complaint is a shotgun pleading because it does not separate each claim for relief into separate counts and contains irrelevant and immaterial allegations. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1359 n. 9 (11th Cir. 1997) (finding a shotgun pleading where "a reader of the complaint must speculate as to which factual allegations pertain to which count"). Plaintiff makes allegations of defamation, false statements under oath, fraud and deceptive trade practices, and "internet consumer fraud campaign" that "deceived "millions," among other

2

seemingly immaterial allegations. (DE 1 ¶ 2, 6). Multiple counts purport to bring several claims, for example counts one and five. *See Bickerstaff v. Clay Prods. Co., Inc. v. Harris Cnty., Ga.*, 89 F.3d 1481, 1485 n.4 (11th Cir. 1996) ("The complaint is a typical shotgun pleading, in that some of the counts present more than one discrete claim for relief."). Plaintiff also refers to Defendants collectively because he contends that they are responsible for each other's conduct, but does not identify the conduct attributable to one or the other. (DE 1 ¶ 2); *see Vibe Micro, Inc. v. Shabanets,* 878 F.3d 1291, 1294–95 (11th Cir. 2018) (explaining that shotgun pleadings violate the "short and plain statement" requirement in Rule 8(a)(2) by "fail[ing] . . . to give defendants adequate notice of the claims against them and the grounds upon which each claim rests" (citation omitted)). It is thus exceedingly difficult to discern what discrete claims for relief Plaintiff intends to bring and what factual allegations he contends support each claim for relief. Further, I note that the deficiencies identified in this Order are not all the deficiencies observed in this Complaint.

For the foregoing reasons, Plaintiff's Complaint shall be dismissed without prejudice. *See Carvel v. Godley*, 404 F. App'x. 359, 360 & n.2 (11th Cir. 2010) (affirming dismissal of 38-page complaint with more than 300 numbered paragraphs for failure to comply with plain statement requirement of Rule 8); *B.L.E. v. Georgia*, 335 F. App'x. 962, 963 (11th Cir. 2009) (affirming dismissal of "rambling, prolix pleading"); *Lampkin-Asam v. Volusia Cty. Sch. Bd.*, 261 F. App'x 274, 275 (11th Cir. 2008) (affirming *sua sponte* dismissal of confusing, incoherent complaint). This Order serves as Plaintiff's **sole warning** as to pleading violations and any further pleading deficiencies may result in dismissal with prejudice. *See Vibe Micro,* 878 F.3d at 1296 (holding that a district court must give a litigant only one chance to re-plead before dismissal with prejudice on non-merits shotgun pleading grounds).

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Plaintiff's Complaint (DE 1) is **DISMISSED WITHOUT PREJUDICE.** Plaintiff shall *one opportunity* to file a coherent and rule-compliant complaint which cures all the deficiencies identified in this Order. If Plaintiff still wishes to pursue this action, he may file an Amended Complaint by **March 4, 2022.** Alternatively, Plaintiff may file a Notice of Voluntary Dismissal by that date.

2. Plaintiff shall ensure that any Amended Complaint contains a short and plain statement of the claim, does not contain excessively long numbered paragraphs, and otherwise fully complies with the requirements of Federal Rules of Civil Procedure 8 and 10.

3. Plaintiff's failure to timely file a timely Amended Complaint will result in dismissal of this action without further notice.

**SIGNED** in Chambers at West Palm Beach, Florida, this 17th day of February, 2022.

_____
Donald M. Middlebrooks
United States District Judge

cc: Counsel of Record;
Thomas Wittbold
18325 Collins Ave. Apt. 103
Sunny Isles Beach, FL 33160
PRO SE